IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DIMITRI DEONTA LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-671-TWO |
| ) | |
| ) | |
| TALLAPOOSA COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff, a county inmate, challenges the conditions of confinement to which he is subjected at the Tallapoosa County Jail.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Tallapoosa County Jail should be dismissed from this cause of action prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

The plaintiff names the Tallapoosa County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Tallapoosa County Jail are due to be dismissed under

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Tallapoosa County Jail be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Tallapoosa County Jail be dismissed from this cause of action.

3.  The remaining claims for relief against defendants Strong and Frazier be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before August 8, 2005, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of July, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE